United States District Court
Southern District of Texas
**ENTERED**
August 16, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DAVID BARLOW | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. G-15-205 |
| THE KROGER CO. | § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral, is the Motion for Summary Judgment of Defendant, The Kroger Co.; the Motion seeks the dismissal of the negligence and gross negligence claims asserted against it by Plaintiff, David Barlow. Having carefully considered the Parties submissions and the applicable law, the Court issues this Report and Recommendation.

At all relevant times, Barlow was employed by Quickway Transportation as a delivery driver. His job required him to deliver dairy products to various Kroger stores. On January 1, 2014, Barlow made a delivery of milk to the Kroger store in Pearland, Texas. The milk was contained in typical plastic milk cartons and stacked about five feet high on wooden pallets. Each loaded pallet weighed about 3500 pounds. Upon arrival at the store's dock Barlow learned that the store's power jack was out of service. As a result, the pallets had to be unloaded using a manual hydraulic jack. Because using a manual jack made the job more strenuous and time consuming Barlow asked a Kroger employee to help him, but the employee refused. Barlow was, therefore, forced to unload the pallets by himself. While Barlow was removing the final pallet from the trailer the manual jack "went down" and the

pallet began to fall toward Barlow. Barlow pushed "really hard against the produce to keep it from going to the floor" and hurt his back. Barlow made two more deliveries on his route, but was unable to unload any products due to the pain he was suffering. At the very first of those deliveries his right "leg gave away" and he fell to the ground and jammed his right knee. Since his injury Barlow has been unable to return to work.

Barlow filed suit against Kroger in state court alleging that Kroger was negligent because, *inter alia*, its employees refused to help him unload the trailer in violation of its policy that they do so; he claims that negligence was a proximate cause of his serious back and knee injuries. He also alleged that Kroger was grossly negligent. Kroger removed the case to this Court and now seeks summary judgment arguing that it owed no duty to Barlow, an independent contractor over which it exercised no control. In response, Barlow argues that Kroger voluntarily assumed an actionable duty by agreeing to help Barlow unload his product if and when the power jack was not available which it breached on the day in question.

Kroger properly identifies Barlow's claim as one asserting a duty based upon a "negligent undertaking." Kroger then argues that even if it had promised to do so, its failure to assist Barlow in unloading his product is merely an "omission" of action, not an affirmative act "undertaken" by it as is required to support such a claim. However, it seems to this Court that Kroger has favorably misstated Barlow's position.

The Texas Supreme Court has adopted Section 323 of the RESTATEMENT (SECOND) OF TORTS (1965). See Colonial Savings Association v. Taylor, 554 S.W. 2d 116, 119-20 (Tex. 1976). This Section provides that:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability for personal harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increased the risk of harm, or (b) the harm is suffered because of the other's reliance upon the undertaking.

The Restatement, however, provides the caveat that it expresses no opinion whether "a gratuitous promise, without in any way entering upon performance is a sufficient undertaking to result in liability under the rule stated in this Section."

In most cases, a mere promise to render a service coupled with neither performance nor reliance imposed no tort obligation upon the promisor. Cf. Fort Bend County Drainage District v. Sbrusch, 818 S.W. 2d 392, 396 (Tex. 1991). Although the Court found no duty existed in the case, it noted that "(i)n a few decisions courts have imposed liability for breach of a promise alone in which there had been no performance" and plaintiff suffered harm, an issue it expressly did not decide. Subsequently, in Texas Drydock Inc. v. Davis, 4 F.3d 919, 922 (Tex. App. -- Beaumont, 1999), the Court of Appeals held that "a promise can constitute an undertaking." The Court found "(t)his is not inconsistent with either the ALI's comment or Fort Bend because under Section 323 there still must be, in addition to the promise, either an increased risk of harm or reliance," Id., and affirmed a judgment in favor of an employee

3

of an independent contractor who was injured while working on the defendant's cherry picker.

The issue before the Court in this case is whether Kroger's alleged promise to assist Barlow in the absence of the power jack, alone, was a sufficient "undertaking" to create potential liability even though Kroger failed to help Barlow on the occasion in question. In the opinion of this Court, Barlow can make a submissible case under this theory.

During her deposition, Deanna Law, the Manger of the Kroger store where Barlow was injured, offered significant relevant testimony. She testified:

- That if the power jack was not available and Barlow asked a Kroger employee to help unload the product the employee should have either provided the help or made arrangements to get the help for Barlow;

- That Kroger employees are trained to do so;

- That there would be no excuse not to have done so;

- That the employee's failure to help Barlow would make the job of unloading the product unsafe;

- That the employee's failure to help would violate Kroger's own policy;

- That she would fault that employee for failing to help and "write the employee up;" and

- That if the incident happened the way the Mr. Barlow describes it, it was wrong on Kroger's part.

Barlow offered testimony that prior to the incident Kroger employee's did help him unload his product when the power jack was unavailable, but when he asked for help on this occasion the Kroger employee present refused to do so. Clearly, Kroger had promised to undertake

4

the job of helping Barlow unload his product and its failure to honor Barlow's request increased the risk of harm Barlow faced as a result. The fact that on some prior occasions when the power jack was not available Barlow had unloaded his trailer by himself without being hurt makes no difference.

The Court, of course, expresses no opinion on the strength of Barlow's case, it merely concludes that he has a viable cause of action for negligence. The submissibility of Barlow's gross negligence claim can simply be evaluated at the time of trial.

It is, therefore, the **RECOMMENDATION** of this Court that the Motion for Summary Judgment (Instrument no. 19) of the Kroger Company be **DENIED**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **August 31, 2016**, to file written objections. <u>The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553</u>. Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ___16th___ day of August, 2016.

_____
John R. Froeschner
United States Magistrate Judge